IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAY B. GLANZER and<br>PENNY L. GLANZER,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 4:14-CV-00298-JTM |

## MOTION TO DISMISS

Defendant Bank of America, N.A. ("Bank of America"), pursuant to Federal Rule of Civil Procedure 12(b)(6), requests the Court to dismiss with prejudice all of the claims alleged in the Petition.[1]

1. This suit concerns a residential property commonly known and numbered as 19310 Quinn Road, Trimble, Missouri 64492 ("Property").

2. Plaintiffs Jay and Penny Glanzer filed their Petition against Bank of America and Millsap & Singer Law Firm, LLC ("Millsap & Singer") in the Circuit Court of Clay County, Missouri asserting claims for defamation, negligence, and breach of contract and promissory estoppel. The Glanzers also seek a preliminary and permanent injunction against Bank of America and Millsap & Singer.

3. As more fully explained in the Suggestions in Support filed herewith and incorporated herein, the Glanzers' claims should be dismissed pursuant to Rule 12(b)(6) because the Petition fails to provide sufficient specificity to state a claim upon which relief may be granted.

---

[1] This action was removed by Defendant Bank of America, N.A. to Federal Court on March 31, 2014; thus, the Glanzers' Petition was not titled a Complaint at the time of filing.

1146701

4. In their defamation (slander of credit) and negligence claims, the Glanzers allege Bank of America provided inaccurate information to credit reporting agencies regarding the Glanzers loan payments on the Property. These common law claims are entirely preempted by the Fair Credit Reporting Act and cannot be sustained as a matter of law.

5. Even if the Court finds the Glanzers' negligence claim is not preempted by federal law, the Petition fails to state a claim on which relief can be granted because the relationship between a lender and a borrower is one of contractual obligation, not one of duty.

6. The Petition also fails to allege sufficient facts to state a legally cognizable breach of contract or promissory estoppel claim because it not only fails to identify the contractual terms or promise which Bank of America allegedly breached, but also fails to plead any facts as to how Bank of America's alleged actions breached any contractual obligation.

7. Because the Glanzers' request for injunctive relief is premised solely upon their other three claims, each of which fails as a matter of law, their claim for injunctive relief fails to state a cause of action upon which relief can be granted.

8. Alternatively, the Petition should be dismissed because the Glanzers' claims are barred by the doctrine of res judicata.

WHEREFORE, Defendant Bank of America, N.A. prays this Court to enter an Order, dismissing Plaintiffs Jay and Penny Glanzer's Petition with prejudice, awarding Defendant Bank of America, N.A. its costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Matt Sparks
    James D. Lawrence    MO #53411
    jdlawrence@bryancave.com
    Matthew N. Sparks    MO #63260
    matt.sparks@bryancave.com
    1200 Main Street, Suite 3800
    Kansas City, MO 64105
    (816) 374-3200 (telephone)
    (816) 374-3300 (facsimile)

ATTORNEYS FOR DEFENDANT
BANK OF AMERICA, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of April, 2014, the foregoing was filed with the Clerk using the CM/ECF system and was served via United States mail, first class postage prepaid, to the following counsel of record:

    Thomas E. Hankins
    Hankins, Conklin & Hilton P.C.
    6812 North Oak Trafficway, Suite 5
    Gladstone, Missouri 64118
    ATTORNEY FOR PLAINTIFFS

    /s/ Matt Sparks
    Attorney for Defendant