# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAY B. GLANZER and PENNY L. GLANZER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:14-CV-00298-JTM ) |
| BANK OF AMERICA, N.A., | ) ) |
| Defendant. | ) ) |

## SUGGESTIONS IN SUPPORT OF
## BANK OF AMERICA'S MOTION TO DISMISS

Plaintiffs Jay and Penny Glanzer's Petition[1] is fatally flawed and should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). The Glanzers filed this suit against Defendants Bank of America, N.A. ("Bank of America") and Millsap & Singer Law Firm, LLC ("Millsap & Singer") to contest the foreclosure of their property. However, the Glanzers fail to allege sufficient facts to state a legally cognizable claim.

---

[1] This action was removed by Defendant Bank of America, N.A. to Federal Court on March 31, 2014; thus, the Glanzers' Petition was not titled a Complaint at the time of filing.

1146740

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. STANDARD OF REVIEW ............................................................................................ 2

III. ARGUMENTS AND AUTHORITIES ........................................................................... 3

    A. Plaintiffs' Defamation and Negligence Claims Fail as a Matter of Law. ................ 3

    B. Bank of America Does Not Owe a Special Duty to Plaintiffs. ............................... 6

    C. Plaintiffs Fail to Properly Plead a Breach of Contract and Promissory Estoppel Claim. ......................................................................................................7

    D. Plaintiffs' Request for Preliminary or Permanent Injunctive Relief Fails to Provide a Legal Basis. ..............................................................................................8

    E. Alternatively, Plaintiffs' Petition Should be Dismissed with Prejudice Because Plaintiffs' Claims are Barred by Res Judicata. ..........................................9

IV. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

Allen v. McCurry,
   449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) ................................................................ 9

Ashcroft v. Iqbal,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................................ 2, 3, 6

Bell Atl. Corp. v. Twombly,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................ 2, 3, 6

Biermann v. U.S.,
   67 F. Supp. 2d 1057 (E.D. Mo. 1999) ...................................................................................... 10

Brown v. Simmons,
   270 S.W.3d 508 (Mo. App. Ct. 2008) ......................................................................................... 9

Bruce v. First U.S.A. Bank, N.A.,
   103 F. Supp. 2d 1135 (E.D. Mo. 2000) ....................................................................................... 5

Campbell v. Chase Manhattan Bank, USA, N.A.,
   No. 02-3489 (JWB), 2005 U.S. Dist. LEXIS 16402, 2005 WL 1514221 (D.N.J. June 24, 2005)
   ..................................................................................................................................................... 4

Casino Res. Corp. v. Harrah's Entm't, Inc.,
   243 F.3d 435 (8th Cir. 2001) ....................................................................................................... 2

Cathcart v. Am. Express,
   No. 4:11-CV-2125-JAR, 2012 U.S. Dist. LEXIS 152982, 2012 WL 5258820 (E.D. Mo. Oct. 23, 2012) ...................................................................................................................................... 4

Clevenger v. Oliver Ins. Agency, Inc.,
   237 S.W.3d 588 (Mo. banc 2007) ............................................................................................... 8

Corpe v. Bank of Am., N.A.,
   No. 2:12-CV4229-FJG, 2013 U.S. Dist. LEXIS 45412, 2013 WL 1316328 (W.D. Mo. Mar. 29, 2013) ...................................................................................................................................... 3

Gurley v. Hunt,
   287 F.3d 728 (8th Cir. 2002) ....................................................................................................... 9

Ilodianya v. Capital One Bank USA N.A.,
   853 F. Supp. 2d 772 (E.D. Ark. 2012) ........................................................................................ 4

Jaramillo v. Experian Info. Solutions, Inc.,
   155 F. Supp. 2d 356 (E.D. Pa. 2001) .......................................................................................... 4

Kendall v. Fed. Nat'l Mortg. Ass'n,
   No. 6:13-CV-03092-BP, ECF Doc. 26, slip op. at 8 (W.D. Mo. Sept. 13, 2013) ....................... 9

Keveney v. Mo. Military Acad.,
   304 S.W.3d 98 (Mo. banc 2010) ................................................................................................. 7

Klaxon Co. v. Stentor Elec. Mfg. Co.,
    313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941) .................................................................. 6

Larken, Inc. v. Wray,
    189 F.3d 729 (8th Cir. 1999) ........................................................................................................ 10

Lopez v. Three Rivers Elec. Co-Op, Inc.,
    26 S.W.3d 151 (Mo. banc. 2000) ................................................................................................. 6

Lorimont Place, Inc. v. Jerry Lipps, Inc.,
    403 S.W.3d 104 (Mo. Ct. App. 2013) .......................................................................................... 7

Macpherson v. JPMorgan Chase Bank, N.A.,
    665 F.3d 45 (2d Cir. 2011) ........................................................................................................... 4

Matter of Estate of Parker,
    536 S.W.2d 25 (Mo. banc 1976) ............................................................................................. 6, 7

Midwest Special Surgery, P.C. v. Anthem Ins. Cos.,
    No. 4:09-CV-646-TIA, 2010 U.S. Dist. LEXIS 16403, 2010 WL 716105 (E.D. Mo. Feb. 23,
    2010) ............................................................................................................................................. 7

Parker v. Chase Home Fin., LLC,
    No. 11-05043-CV-DGK, 2011 U.S. Dist. LEXIS 120670, 2011 WL 4972328 (W.D. Mo. Oct.
    19, 2011) ....................................................................................................................................... 9

Parnes v. Gateway 2000, Inc.,
    122 F.3d 539 (8th Cir. 1997) ........................................................................................................ 2

Purcell v. Bank of Am.,
    659 F.3d 622 (7th Cir. 2011) ........................................................................................................ 4

Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Eng'rs,
    440 F.3d 1038 (8th Cir. 2006) ...................................................................................................... 9

Ruple v. City of Vermillion, S.D.,
    714 F.2d 860 (8th Cir. 1983) ...................................................................................................... 10

S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.,
    696 F.3d 771 (8th Cir. 2012) ........................................................................................................ 9

Semtek Int'l Inc. v. Lockheed Martin Corp.,
    531 U.S. 497, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001) .......................................................... 10

Sill v. Burlington N. R.R. & Sante Fe Ry. Co.,
    87 S.W.3d 386 (Mo. Ct. App. 2002) ............................................................................................ 6

Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters., Inc.,
    No. 2:08-CV-04148-NKL, 2009 U.S. Dist. LEXIS 67086, 2009 WL 2391769 (W.D. Mo. Aug.
    3, 2009) ......................................................................................................................................... 3

Stringer v. St. James R-1 Sch. Dist.,
    446 F.3d 799 (8th Cir. 2006) ........................................................................................................ 2

Thornton v. Equifax, Inc.,
  619 F.2d 700 (8th Cir. 1980), *cert. denied*, 449 U.S. 835, 101 S. Ct. 108, 66 L. Ed. 2d 41
  (1980) .................................................................................................................................... 5

Trotter's Corp. v. Ringleader Rests., Inc.,
  929 S.W.2d 935 (Mo. Ct. App. 1996) ................................................................................. 7

UT Commc'ns Credit Corp. v. Resort Dev., Inc.,
  861 S.W.2d 699 (Mo. Ct. App. 1993) ................................................................................. 6

Wood & Huston Bank v. Malan,
  815 S.W.2d 454 (Mo. Ct. App. 1991) ................................................................................. 6

Young v. City of St. Charles,
  244 F.3d 623 (8th Cir. 2001) ............................................................................................... 2

**Statutes**

15 U.S.C. § 1681, *et seq.* ............................................................................................................ 3
15 U.S.C. § 1681h(e) ............................................................................................................ 4, 5
15 U.S.C. § 1681n .................................................................................................................. 4, 5
15 U.S.C. § 1681o ...................................................................................................................... 4
15 U.S.C. § 1681s-2 .................................................................................................................... 3
15 U.S.C. § 1681s-2(F) ............................................................................................................... 4
15 U.S.C. § 1681t(b)(1)(F) ..................................................................................................... 3, 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 2, 3, 11
Fed. R. Civ. P. 41(b) ................................................................................................................. 9

# I. INTRODUCTION[2]

In March 2008, the Glanzers purchased property located at 19310 Quinn Road, Trimble, Missouri 64492 ("Property") by executing a promissory note in the amount of $251,000 and secured by a deed of trust with Platte Valley Bank. ECF Doc. 1-2, Petition at ¶ 4 under Count I. Platte Valley Bank transferred the Note and Deed of Trust to BAC Home Loans Servicing, LP, predecessor in interest to Bank of America. ECF Doc. 1-2, Petition at ¶ ¶ 6, 29 under Count I.

On November 22, 2010, the Glanzers filed a lawsuit in the Circuit Court of Clay County, Missouri in order to prevent a foreclosure sale of the Property scheduled on December 3, 2010 ("2010 Lawsuit"). ECF Doc. 1-2, Petition at ¶ ¶ 22, 24 under Count I. The Glanzers' Petition alleged four causes of action: (1) defamation, slander of credit; (2) negligence; (3) breach of contract and promissory estoppel; and (4) injunctive relief. ECF Doc. 1-2, Petition at ¶ 25 under Count I. The 2010 Lawsuit was dismissed with prejudice on October 5, 2011, as a result of a settlement agreement reached between the parties. ECF Doc. 1-2, Petition at ¶ ¶ 29-32 under Count I.

During the fall of 2012, the Glanzers and Bank of America entered into a loan modification agreement. ECF Doc. 1-2, Petition at ¶ 33 under Count I. On March 4, 2014, the Glanzers filed this lawsuit in the Circuit Court of Clay County, Missouri in order to prevent a foreclosure sale of the Property scheduled on March 10, 2014. ECF Doc. 1-2, Petition at ¶ 2 under Count IV. The Glanzers allege the exact same four causes of action in this lawsuit as in the 2010 Lawsuit: (1) defamation, slander of credit; (2) negligence; (3) breach of contract and promissory estoppel; and (4) injunctive relief. See ECF Doc. 1-2, Petition. The Glanzers

---

[2] For purposes of this Motion to Dismiss only, Bank of America accepts as true the facts alleged in the Petition because of the Court's standard of review on motions to dismiss. Bank of America does not admit and expressly denies each allegation in the Petition.

1146740

essentially allege that Bank of America made inaccurate reports to credit reporting agencies about the status of the Glanzers' loan. See ECF Doc. 1-2, Petition.

For the following reasons, each of the Glanzers' claims fail meet the pleading standards outlined by Fed. R. Civ. P. 12(b)(6) and should be dismissed.

## II. STANDARD OF REVIEW

"Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (citing Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001)). As such, a complaint should be dismissed for failure to state a claim when it is apparent that the plaintiff can prove no set of facts that would entitle him to relief. Id. (citing Casino Res. Corp. v. Harrah's Entm't, Inc., 243 F.3d 435, 437 (8th Cir. 2001)). Where the allegations show on the face of the complaint that there is some insurmountable bar to relief, dismissal under Rule 12(b)(6) is appropriate. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997).

The Supreme Court's decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), set forth the appropriate two-pronged approach for deciding a motion to dismiss under Rule 12(b)(6). First, the District Court must accept all well-pled factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pled factual allegations, the District Court must "determine whether they plausibly give rise to an entitlement

to relief." Id. at 679. There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct . . . ." Id.

The Supreme Court in Iqbal provided district courts guidance when ruling on Rule 12(b)(6) motions, "first, 'threadbare allegations' and 'the-defendant-unlawfully-harmed-me accusations' are insufficient to survive a motion to dismiss; second, district courts should rely on their own 'judicial experience and common sense' in making the 'context-specific' determination of whether factual allegations make a right to relief plausible." Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters., Inc., No. 2:08-CV-04148-NKL, 2009 U.S. Dist. LEXIS 67086, 2009 WL 2391769, at *9 (W.D. Mo. Aug. 3, 2009) (quoting Iqbal, 556 U.S. at 679). Thus, "[w]hile a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Corpe v. Bank of Am., N.A., No. 2:12-CV4229-FJG, 2013 U.S. Dist. LEXIS 45412, 2013 WL 1316328, at *2 (W.D. Mo. Mar. 29, 2013) (citation omitted).

### III. ARGUMENTS AND AUTHORITIES

#### A. Plaintiffs' Defamation and Negligence Claims Fail as a Matter of Law.

The Glanzers' common law claims for defamation (slander of credit) and negligence are entirely preempted by the Fair Credit Reporting Act ("FCRA") and cannot be sustained as a matter of law. FCRA, 15 U.S.C. § 1681, *et seq.*, governs the reporting of credit information, as well as provides for the standard of damages available for violations of the Act and defines when a private right of action exists. As a result, Congress provided for FCRA to preempt common law claims which seek to recover credit reporting damages or which are based on and arise out of credit reporting. See 15 U.S.C. § 1681s-2 and § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated

under . . . (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."). By enacting § 1681t(b)(1)(F), Congress "wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies." Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 361 (E.D. Pa. 2001) (citation omitted).

Courts have consistently held that state law claims based on or arising out of credit reporting are preempted by FCRA. See Cathcart v. Am. Express, No. 4:11-CV-2125-JAR, 2012 U.S. Dist. LEXIS 152982, 2012 WL 5258820 (E.D. Mo. Oct. 23, 2012) (holding that plaintiff's state common law tortious interference claim was preempted by the FCRA); Purcell v. Bank of Am., 659 F.3d 622 (7th Cir. 2011) (holding that FCRA preempted plaintiff's state law claims, including defamation); Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45 (2d Cir. 2011) (state law defamation claim preempted by FCRA); Ilodianya v. Capital One Bank USA N.A., 853 F. Supp. 2d 772, 774 (E.D. Ark. 2012) (granting defendant's motion to dismiss plaintiff's state law tort claims as preempted by the FCRA); Campbell v. Chase Manhattan Bank, USA, N.A., No. 02-3489 (JWB), 2005 U.S. Dist. LEXIS 16402, 2005 WL 1514221, at *16-17 (D.N.J. June 24, 2005), order amended on reconsideration sub nom. Campbell v. Chase Manhattan Bank, USA, No. 02-3489 (JWB), 2005 U.S. Dist. LEXIS 43026, 2005 WL 1924669 (D.N.J. Aug. 9, 2005).

Even if the Court finds the Glanzers' state law claims for defamation and negligence not completely preempted by § 1681t(b)(1)(F), the Glanzers' claims would still be barred by the plain language of § 1681h(e). "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of **defamation**, invasion of privacy, **or negligence** . . . except as to false information furnished with malice or willful intent to injure

such consumer." 15 U.S.C. § 1681h(e) (emphasis added). Section 1681h(e) has been interpreted as providing qualified immunity unless the defendant furnished false information with malice or willful intent to injure. Bruce v. First U.S.A. Bank, N.A., 103 F. Supp. 2d 1135, 1145 (E.D. Mo. 2000); see also Thornton v. Equifax, Inc., 619 F.2d 700, 704 (8th Cir. 1980), *cert. denied*, 449 U.S. 835, 101 S. Ct. 108, 66 L. Ed. 2d 41 (1980) (holding that where a plaintiff obtains her credit report information "pursuant to the provisions of the FCRA, she is required in her defamation action to prove 'false information furnished with malice or willful intent to injure' as provided in section 1681h(e).").

Bank of America expressly denies it provided any false information about the Glanzers under FCRA – Bank of America maintains it provided accurate information under the circumstances. However, even if the Court assumes Bank of America provided false information as alleged by the Glanzers, the Petition is void of any facts showing that Bank of America acted with malice or willful intent to injure. Under FCRA, a statement is made with malice if the speaker made the statement "with knowledge that it was false or with reckless disregard of whether it was false or not." Thornton, 619 F.2d at 705 (citation omitted). Reckless disregard requires evidence that the speaker entertained actual doubt about the truth of the statement. See Wiggins v. Equifax Servs., Inc., 848 F. Supp. 213, 223 (D.D.C. 1993). The showing of malice or willful intent to injure under § 1681h(e) is a higher standard of proof than the willfulness required for punitive damages under § 1681n. See Bruce, 103 F. Supp. 2d at 1145.

The Glanzers make a single conclusory allegation that Bank of America acted with "reckless disregard for whether the statements were true or false at the time when Defendant Bank of America had serious doubt as to whether the statements were true, thereby entitling [Plaintiffs] to an award of punitive damages." ECF Doc. 1-2, Petition at ¶ 41 under Count I.

This conclusory allegation alone is insufficient to properly plead the malice or willful intent necessary to sustain (let alone recover on) such claims. The Petition's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). The remainder of the Petition fails to provide any factual support that Bank of America acted with the required malice or willful intent necessary to satisfy the standard under FCRA. The Glanzers' defamation and negligence claims, therefore, must be dismissed.

      **B.**     **Bank of America Does Not Owe a Special Duty to Plaintiffs.**

Even if the Court finds the Glanzers' negligence claim is not preempted by federal law, the Petition fails to allege sufficient facts to state a legally cognizable negligence claim. For a claim of negligence, "a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure to perform proximately caused injury to the plaintiff." Sill v. Burlington N. R.R. & Sante Fe Ry. Co., 87 S.W.3d 386, 391 (Mo. Ct. App. 2002) (citing Lopez v. Three Rivers Elec. Co-Op, Inc., 26 S.W.3d 151, 155 (Mo. banc 2000)).[3] Notably, as a matter of law, there is no fiduciary relationship between a bank as lender and its customer as borrower. UT Commc'ns Credit Corp. v. Resort Dev., Inc., 861 S.W.2d 699, 710 (Mo. Ct. App. 1993) (citations omitted). As such, the relationship between a lender and a borrower is one of contractual obligation, not one of duty. See Wood & Huston Bank v. Malan, 815 S.W.2d 454, 458 (Mo. Ct. App. 1991) (noting that "the relationship between a bank and its depositor involves a contractual relationship between a debtor and a creditor") (citing Matter of Estate of Parker, 536 S.W.2d 25, 29 (Mo. banc 1976)).

---

[3] Federal courts sitting in diversity apply the law of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941); Birnstill v. Home Sav. of Am., 907 F.2d 795, 797 (8th Cir. 1990).

The Glanzers allege that Bank of America made inaccurate reports to credit reporting agencies about the status of the Glanzers' loan and, in doing so, breached a duty "to use reasonable care in the preparation and dissemination of all credit and debt information." ECF Doc. 1-2, Petition at ¶ 3 under Count II. The Glanzers however cannot sustain a cause of action for negligence against Bank of America based on such allegations. The Petition does not contain any allegation that falls outside the parties' lender-borrower relationship, and the Glanzers cannot demonstrate the essential element that Bank of America owed them a duty. See Matter of Estate of Parker, 536 S.W.2d at 29. Notably, Missouri law does not support nor have the Glanzers cited any case law indicating a duty exists between a loan servicer and a borrower or an investor and a borrower. Therefore, the Glanzers cannot sustain a cause of action for negligence, and this claim should be dismissed with prejudice.

### C. Plaintiffs Fail to Properly Plead a Breach of Contract and Promissory Estoppel Claim.

Under Missouri law, a cause of action for breach of contract requires "the following essential elements: (1) the existence and terms of a contract; (2) that the plaintiff performed under the contract; (3) breach of contract by the defendant; and (4) damages suffered by the plaintiff." Lorimont Place, Inc. v. Jerry Lipps, Inc., 403 S.W.3d 104, 107 (Mo. Ct. App. 2013) (citing Keveney v. Mo. Military Acad., 304 S.W.3d 98, 104 (Mo. banc 2010)). A plaintiff "fails to state a claim for breach of contract [if] it does not set out [the claimant's] rights or [the defendant's] obligations under the contract." Trotter's Corp. v. Ringleader Rests., Inc., 929 S.W.2d 935, 941 (Mo. Ct. App. 1996). Vague references to unspecified "agreements" are insufficient to state a claim for breach of contract. Midwest Special Surgery, P.C. v. Anthem Ins. Cos., No. 4:09-CV-646-TIA, 2010 U.S. Dist. LEXIS 16403, 2010 WL 716105, at *6 (E.D. Mo. Feb. 23, 2010).

Likewise, a cause of action for promissory estoppel requires the following elements: (1) a promise; (2) on which a party relies to his/her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting in an injustice that only enforcement of the promise could cure. Clevenger v. Oliver Ins. Agency, Inc., 237 S.W.3d 588, 590 (Mo. banc 2007) (citations omitted). "The promise giving rise to the cause of action must be definite, and the promise must be made in a contractual sense." Id. (citation omitted).

The Glanzers' Petition fails to state with any specificity the terms of the alleged contract; in fact, the Petition fails to identify a contractual provision, a promise, or even a contract which Bank of America allegedly breached. The Glanzers only allege, "[i]n violation of the aforesaid promises and in breach of its contract with Plaintiffs, Bank of America is now attempting to foreclose on Plaintiffs' home." ECF Doc. 1-2, Petition at ¶ 2 under Count III. Presumably, the promises and/or contract the Glanzers base their cause of action is a loan modification agreement. Even if the Court assumes that the loan modification agreement is the contract or promise at issue, the Glanzers nevertheless fail to plead how the alleged actions of Bank of America breached any promise or contractual obligation contained in the document. Indeed, the Glanzers took the minimalistic approach of providing a "formulaic recitation of elements" that the Supreme Court soundly rejects. Thus, the Glanzers have failed to set forth facts sufficient to sustain either a breach of contract or promissory estoppel claim.

### D. **Plaintiffs' Request for Preliminary or Permanent Injunctive Relief Fails to Provide a Legal Basis.**

Under Count IV, the Glanzers seek injunctive relief to preclude Bank of America and Millsap & Singer from arranging a foreclosure proceeding on the Property. The Court should dismiss Count IV because the Glanzers' request for injunctive relief is premised solely on their other three claims, each of which fails as a matter of law. See, e.g., Kendall v. Fed. Nat'l Mortg.

Ass'n, No. 6:13-CV-03092-BP, ECF Doc. 26, slip op. at 8 (W.D. Mo. Sept. 13, 2013) ("Because Plaintiffs[ ] have failed to plead a viable cause of action, they have not provided a legal basis for injunctive relief.") (citing Parker v. Chase Home Fin., LLC, No. 11-05043-CV-DGK, 2011 U.S. Dist. LEXIS 120670, 2011 WL 4972328, at *6 (W.D. Mo. Oct. 19, 2011); S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist., 696 F.3d 771, 776 (8th Cir. 2012)). Accordingly, just as Counts I, II, and III of the Petition should be dismissed, so too should Count IV.

### E. Alternatively, Plaintiffs' Petition Should be Dismissed with Prejudice Because Plaintiffs' Claims are Barred by Res Judicata.

To determine whether a federal judgment precludes a plaintiff from recovery under a petition filed in state court, the Court should apply the federal law of res judicata. Brown v. Simmons, 270 S.W.3d 508, 512-13 (Mo. App. Ct. 2008) ("In order to determine if [a plaintiff] is barred from filing [a] claim in state court, which was previously dismissed in federal court under Rule 41(b), we must look to federal law."). "Res judicata applies to prevent repetitive suits involving the same cause of action." Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Eng'rs, 440 F.3d 1038, 1042 (8th Cir. 2006) (citation omitted).

Res judicata bars further litigation if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was final judgment on the merits; and (3) the same cause of action and same parties or their privies were involved in both cases. Gurley v. Hunt, 287 F.3d 728, 731 (8th Cir. 2002) (citation omitted). If these elements are met, this second lawsuit is barred from raising causes of action that were or could have been raised in the 2010 Lawsuit. Id. (citing Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)).

Any of the Glanzers' claims pertaining to any action allegedly taken by BAC Home Loans Servicing, LP or Bank of America prior to October 5, 2011, are barred by res judicata.

This Court had competent jurisdiction over the 2010 Lawsuit since it was properly removed on December 23, 2010. ECF Doc. 1-2, Petition at ¶ 28 under Count I. This Court properly had jurisdiction over the 2010 Lawsuit on diversity grounds. See ECF Doc. 1-2, Petition at Exhibit 1. Second, it is irrefutable that the same parties were involved or in privity in the 2010 Lawsuit since BAC Home Loans Servicing, LP was a predecessor in interest to Bank of America.

Third, it is also irrefutable that this Court's dismissal of the 2010 Lawsuit disposed of the same causes of action (defamation, slander of credit; negligence; breach of contract and promissory estoppel; and injunctive relief) alleged in this action. See ECF Doc. 1-2, Petition; ECF Doc. 1-2, Petition at Exhibit 1. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Biermann v. U.S., 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999) (citing Ruple v. City of Vermillion, S.D., 714 F.2d 860, 861 (8th Cir. 1983)). In fact, the allegations in this action, except for paragraphs twenty-two through forty-eight, are copied verbatim from the 2010 Lawsuit. See ECF Doc. 1-2, Petition; ECF Doc. 1-2, Petition at Exhibit 1.

Finally, this Court's dismissal of the 2010 Lawsuit functioned as an adjudication upon the merits. "When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of *res judicata*." Larken, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999) (citations omitted). Additionally, the Supreme Court has stated, "'[w]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'" Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). The "issues raised in the 2010 [L]awsuit were fully resolved," and the 2010 Lawsuit was dismissed with prejudice by the parties' stipulation. ECF Doc. 1-2, Petition at ¶ ¶

29-32 under Count I; ECF Doc. 1-2, Petition at Exhibit 3. Therefore, the Petition should be dismissed with prejudice since the Glanzers seek to relitigate the same claims previously dismissed by this Court.

## IV. CONCLUSION

For the reasons set forth above, Defendant Bank of America, N.A. respectfully requests the Court to dismiss all of Plaintiffs' claims with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and grant Defendant Bank of America, N.A. any other relief to which it may be justly entitled.

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Matt Sparks
James D. Lawrence      MO #53411
jdlawrence@bryancave.com
Matthew N. Sparks      MO #63260
matt.sparks@bryancave.com
1200 Main Street, Suite 3800
Kansas City, MO 64105
(816) 374-3200 (telephone)
(816) 374-3300 (facsimile)

ATTORNEYS FOR DEFENDANT
BANK OF AMERICA, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of April, 2014, the foregoing was filed with the Clerk using the CM/ECF system and was served via United States mail, first class postage prepaid, to the following counsel of record:

Thomas E. Hankins
Hankins, Conklin & Hilton P.C.
6812 North Oak Trafficway, Suite 5
Gladstone, Missouri 64118
ATTORNEY FOR PLAINTIFFS

/s/ Matt Sparks
Attorney for Defendant